**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RONALD HOCKENBERRY, II,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01667<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Ronald Hockenberry brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability under Title II of the Social Security Act. Transcript, doc. 8-2 at 26. He challenges the Administrative Law Judge's (ALJ) assessment at step two of the disability determination process. *See* Pl.'s Br., doc. 9 at 17. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On July 5, 2023, Hockenberry applied for disability benefits under Title II of the Social Security Act, alleging onset of disability beginning

November 15, 2022. Doc. 8-3 at 12. Following an initial denial, Hockenberry submitted an appeal, requesting a hearing before an ALJ. Doc. 8-4 at 12. The ALJ conducted the hearing and determined that Hockenberry was not disabled. Doc. 8-2 at 26.

Hockenberry filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Hockenberry's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 9-11) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

Following step two of the five-step sequential analysis, the ALJ determined that Hockenberry "has not been under a disability . . . from November 15, 2022, through the date of this decision." Doc. 8-2 at 26. The ALJ determined at step two that Hockenberry "does not have an impairment or combination of impairments that has significantly limited

. . . the ability to perform basic work-related activities for 12 consecutive months[.]" *Id.* at 21. The ALJ identified Hockenberry's allegations of disability as: (1) recurrent panic attacks; (2) short-term memory loss; and (3) sustained subdural hematoma. *See id* at 22.

On appeal, Hockenberry argues that the ALJ erred by: (1) failing to consider all of his impairments; and (2) improperly evaluating the medical opinion evidence. Doc. 9 at 18.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not

only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Hockenberry is disabled, but whether the Commissioner's finding that Hockenberry is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Hockenberry argues that the ALJ erred at step two by: (1) failing to consider all of his impairments; and (2) improperly evaluating the medical opinion evidence. Doc. 9 at 18. The Court disagrees.

A claimant has the burden to establish a medically determinable impairment. At step two, a claimant must establish a physical or mental impairment which must be shown by "medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. The ALJ "will not use [a claimant's] statement of symptoms, *a diagnosis*, or a medical opinion to establish the existence of an impairment[.]" *Id.* (emphasis added). The existence of a medically determinable impairment "cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings." SSR 96-4p, 1996 WL 374187, at *1. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that the ALJ need not discuss all impairments but only those that are medically determinable); *Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (finding that mere diagnosis of an impairment, without more, does not warrant an award of disability benefits).

Here, Hockenberry has failed to demonstrate, beyond subjective claims and mere diagnoses, that his asserted Lyme disease and long COVID-19 result in medically determinable physical or mental impairments. Hockenberry directs the Court to consider Dr. Nagabhairu and P.A. Goates's treatment records. *See* doc. 9 at 18. Although the two treatment records mention Lyme disease and post-COVID syndrome, they do not contain any "medically acceptable clinical and laboratory diagnostic techniques," 20 C.F.R. § 404.1521, that were employed to examine Hockenberry. *See* doc. 8-7 at 373 (assessment of Lyme disease); *id.* at 564 (assessing post-COVID syndrome and Lyme infections). In the absence of objective demonstrations of medical abnormalities, i.e., medical signs and laboratory findings, Hockenberry's treatment records that indicate no more than mere diagnoses, assessments, or subjective complaints fail to establish a medically determinable impairment. *See* SSR 96-4p, 1996 WL 374187, at *1. Because the record lacks objective medical evidence to support Hockenberry's subjective complaints of symptoms resulting from Lyme disease and long COVID-19, the ALJ was not required to discuss these impairments. *See Rutherford*, 399 F.3d at 554; *Jones*, 954 F.2d at 128.

Even assuming *arguendo* that the ALJ erred in failing to explain the omission of Hockenberry's long COVID-19 and Lyme disease assessments, any such error was harmless because the Court does not find, and Hockenberry has not identified, any objective medical evidence that demonstrates that his asserted long COVID-19 and Lyme disease are medically determinable impairments.

Social Security appeals are subject to harmless error analysis. *See Minarsky v. Kijakazi*, 747 F. Supp. 3d 801, 816 (M.D. Pa. 2024), citing *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). Under the harmless error analysis, remand is warranted only if there is reason to believe that the remand might lead to a different result. *Id*. It is well-settled that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Here, Hockenberry fails to point the Court to material evidence in the record that would support a determination that his asserted long COVID-19 and Lyme disease qualify are medically determinable impairments. *See* doc. 9 at 25. Remarkably, even one of the records that Hockenberry has asked the Court to consider describes his asserted symptoms from Lyme disease as

"questionable." *See* doc. 8-7 at 373 (report of exam signed by Dr. Nagabhairu; "Patient has chronic dizziness secondary to questionable sequelae of old Lyme disease which resulted in occasional falls."). Accordingly, Hockenberry has not met his burden of showing that the ALJ's error was harmful.[1] *See Scipio v. Comm'r of Soc. Sec.*, 611 F. App'x 99, 102 (3d Cir. 2015) (finding substantial evidence supports an ALJ's determination where the medical records contained no clinical or objective evidence to support a claimant's subjective claims of impairment).

---

[1] The Court has reviewed Hockenberry's remaining argument and finds it unpersuasive. Hockenberry argues that the ALJ erred by finding one medical opinion persuasive while finding three others unpersuasive. The ALJ must make the final RFC determination—not treating or examining physicians or state agency consultants. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). The ALJ must choose whom to credit, while ensuring that the ALJ does not "reject evidence for no reason or for the wrong reason." *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993), citing *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981). Here, the ALJ adequately explained the supportability and consistency factors as to each piece of medical opinion evidence and did not err in finding one opinion more persuasive than others. *See* doc. 8-2 at 24-25. After all, that is exactly what the ALJ is tasked to do in weighing the medical opinion evidence. *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009), citing *Cotter*, 642 F.2d at 705 ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another."). This Court cannot re-weigh that evidence or usurp the factual determinations of the ALJ.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 3, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge